IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY FEARN, #B-11121,          )
                               )
        Plaintiff,             )
                               )
vs.                            )     CASE NO. 11-cv-885-JPG
                               )
GOV. PATRICK QUINN, *et al.*,  )
                               )
        Defendants.            )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Gary Fearn, an inmate in Robinson Correctional Center, brings this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving an eight year sentence for unlawful vehicular invasion, and one year for property damage. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this case.

**The Complaint**

Plaintiff brings this action against Defendants Governor Patrick Quinn, former Director of the Illinois Department of Corrections ("IDOC") Michael Randall, the Illinois Prisoner Review Board (Jorge Montes, Chairman), and Robinson Warden Randy Grounds.  At the time Plaintiff was incarcerated, the IDOC maintained a policy to award Meritorious Good Time ("MGT") and Supplemental Meritorious Good Time ("SMGT") to qualifying inmates.  Under that policy, an inmate who is eligible to earn day-for-day good conduct credit could also receive an additional 90 to 180 days credit against his/her sentence, thus obtaining an earlier release from prison.  However, the MGT and SMGT programs were suspended in January 2010, according to Plaintiff (Doc. 1-2, p. 20), after problems arose with the mishandling of the "MGT push" program (Doc. 1, p. 10).  As a result, Plaintiff now faces the prospect that he must remain incarcerated for a significantly longer portion of his sentence.  He also claims that "similarly situated prisoners" are being denied the opportunity for earlier release now that MGT and SMGT requests are not being considered by the Defendants.

Plaintiff argues that the suspension of the MGT/SMGT program implicates liberty

interests, violates his rights to equal protection, and violates the ex post facto clause. He seeks an injunction ordering Defendants to issue MGT and SMGT credit to Plaintiff and other qualified inmates who were incarcerated prior to December 2009, as well as declaratory relief, compensatory and punitive damages.

**Discussion**

Plaintiff's sentence is one that entitles him to day-for-day good-time credit pursuant to 730 Illinois Compiled Statutes 5/3-6-3, which provides, in relevant part, that "a prisoner who is serving a term of imprisonment shall receive one day of good conduct credit for each day of his or her sentence of imprisonment . . . . Each day of good conduct credit shall reduce by one day the prisoner's period of imprisonment[.]" 730 ILL. COMP. STAT. 5/3-6-3(a)(2.1). The MGT credit which Plaintiff complains is being unfairly denied to him arises under another section of this statute: "The rules and regulations shall also provide that the Director [of the IDOC] may award up to 180 days additional good conduct credit for meritorious service in specific instances as the Director deems proper[.]" 730 ILL. COMP. STAT. 5/3-6-3(a)(3); *see also* 20 ILL. ADMIN. CODE 107.210 (implementing statute and giving examples of criteria that may be considered by IDOC director in determining whether to award MGT credit).

It is well settled that, "if the government creates a right to good-time credits – that is, a firm expectation that if the prisoner complies with specified conditions he will automatically earn the credits and be released earlier – a deprivation of that right is a deprivation of liberty." *Jackson v. Carlson,* 707 F.2d 943, 946 (7th Cir. 1983) (citing *Hewitt v. Helms,* 459 U.S. 460, 470-72 (1983)). In view of the mandatory language of Section 3-6-3(a)(2.1) regarding day-for-day good-time credit, IDOC prisoners generally are recognized by courts as having a due process liberty

interest in day-for-day good-time credit that is protected by the Fourteenth Amendment. *See, e.g., Carter v. Rednour,* No. 07-cv-0550-JPG-PMF, 2010 WL 3835775, at *4 (S.D. Ill. July 23, 2010) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Lucas v. Bartley,* No. 05-cv-765-DRH, 2008 WL 6971633, at *2 (S.D. Ill. Oct. 27, 2008).

Meritorious Good Time, however, does not give rise to a similar liberty interest, because the awarding of MGT is not mandated by statute. "[G]iven the entirely discretionary nature of meritorious good time allowances, a prisoner has no automatic entitlement to such credit" and, correspondingly, courts typically have found that Illinois law does not give IDOC prisoners a due process liberty interest in MGT credit. *Ivy v. Reed,* No. 84 C 6504, 1985 WL 1804, at *2 (N.D. Ill. June 7, 1985). *See also United States ex rel. Smith v. Chrans,* No. 86 C 4137, 1986 WL 7350, at *1 (N.D. Ill. June 23, 1986) ("[T]he loss of opportunity to earn meritorious good-time credits does not implicate any constitutionally protected right."); *Watts v. Morgan,* 572 F. Supp. 1385, 1390 (N.D. Ill. 1983) (IDOC prisoners do not have a protected due process liberty interest in earning MGT credit by working in prison industries).

Not only does Plaintiff have no constitutional right to MGT credit, his claim for MGT credit in this case is *Heck*-barred. *Heck v. Humphrey*, 512 U.S. 477, 488 (1994) ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). The *Heck* bar extends to claims under 42 U.S.C. § 1983 that "necessarily imply the invalidity of the deprivation of [a prisoner's] good-time credits." *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *see also Rooding v. Peters,* 173 F.R.D. 511, 514-16 (N.D. Ill. 1997) (finding that § 1983 claims for MGT credit on behalf of a proposed class of IDOC

prisoners were *Heck*-barred).  Habeas corpus is the proper legal route by which to challenge a deprivation of MGT credit, because "good-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 490, 500 (1973)).  See also *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (habeas corpus is the proper remedy when prisoner seeks a "quantum change in the level of custody" such as outright freedom or parole).

     A prisoner thus must seek a remedy for an allegedly wrongful denial of MGT credit by prison officials not through a § 1983 action for damages but through an application for a writ of habeas corpus.  *See Hanson v. Heckel,* 791 F.2d 93, 96-97 (7th Cir. 1986).  Moreover, a prerequisite to filing a federal habeas action is that the prisoner must first have exhausted his state-court remedies.  *Id.* (allegation in a § 1983 complaint that IDOC prisoner was denied MGT credit was in essence a petition for a writ of habeas corpus, requiring the prisoner to exhaust his state-court remedies before seeking habeas relief in federal court, even though the prisoner sought monetary and declaratory relief but not a speedier release from custody).  Therefore, "[i]f a prisoner who should have asked for habeas corpus misconceives his remedy, brings a civil rights suit, and fails to exhaust his state remedies, his suit must be dismissed." *Graham*, 922 F.2d at 381-82.  This is exactly Plaintiff's situation – although he filed institutional grievances, his complaint states that he has never initiated any previous lawsuit, so it is apparent that he could not have exhausted his state court remedies before filing the instant action.

     The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill.

App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)).  The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101, *et seq.*, to consider the merits of Plaintiff's claim.  Accordingly, Plaintiff's § 1983 claim for MGT and SMGT credit must be dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**Disposition**

      **IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice**.  This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

      Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

      The Clerk shall **CLOSE THIS CASE**.

      **IT IS SO ORDERED.**

      DATED:   December 14, 2011

      *s/J. Phil Gilbert*
      **United States District Judge**